AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

| | |
|---|---|
| United States of America<br>v.<br><br>James Moore, Jr.<br>*Defendant(s)* | ) ) ) ) Case No. ) ) 16-MJ-18 ) ) ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 26, 2016__ in the county of __East Baton Rouge__ in the __Middle__ District of __Louisiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a substance containing a detectable quantity of crack cocaine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joshuah L. Badasch, Special Agent (FBI)
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/4/16

_____
*Judge's signature*

City and state: Baton Rouge, LA

Richard L. Bourgeois, Jr., U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Joshuah L. Badasch, having been duly sworn, state as follows:

1. Affiant, Joshuah L. Badasch, is a Special Agent with the Federal Bureau of Investigation and has been employed as such since April, 2008 during which time Affiant has investigated violations of Federal law, directed drug and street gang investigations, obtained and executed search and arrest warrants related to the distribution of illegal narcotics, de-briefed Confidential Informants ("CIs") as well as cooperating defendants.

2. This affidavit is produced for the sole purpose of establishing probable cause and therefore does not include all facts known to Affiant. As a result of Affiant's participation in this investigation, reports made to him by other federal agents and local law enforcement officers involved in the investigation and information obtained from a confidential source, Affiant is familiar with all aspects of this investigation. On the basis of this familiarity, Affiant declares that the facts contained in this Affidavit show that there is probable cause to believe that JAMES MOORE, JR. also known as Mo ("MOORE"), has committed violations of 21 U.SC. Section 841(a)(1)- specifically possession with intent to distribute a substance containing a detectable quantity of crack cocaine, a Schedule II controlled substance..

3. On May 8, 2015 CS-1[1] met MOORE in the area of the 1100 block of North 48th Street, Baton Rouge, Louisiana. MOORE told CS-1 that he was a narcotics dealer and that CS-1 could purchase narcotics to include crack cocaine and heroin from MOORE.

4. On January 26, 2016 Officers of the Baton Rouge Police Department contacted MOORE, in Baton Rouge, Louisiana after observing a Green GMC pickup truck driven by

---

[1] CS-1 has been an informant for the FBI since August, 2014. Since that time CS-1 has conducted consensually monitored telephone calls and in-person meetings as well as multiple controlled drug evidence purchases that resulted in the issuance of search warrants. These searches resulted in the seizure of controlled substances and arrests for possession and distribution of controlled substances. CS-1 is paid for his/her cooperation.

MOORE commit violations of Louisiana State Traffic Code-specifically MOORE abruptly changed lanes to exit Interstate 110 at the Evangeline Street exit while travelling on the white gore line (also known as a fog line) and almost lost control of the vehicle. Subsequent to the vehicle stop, Officers noticed MOORE making furtive movements and smelled the odor of marijuana emanating from the vehicle. MOORE was asked to exit the vehicle and was advised of his rights per Miranda by Officer Nicholas Collins. Officer Collins observed that MOORE's pants and underwear were below his buttocks exposing his buttocks. Officer Collins observed a plastic baggie poking from MOORE's buttocks and asked MOORE to remove the baggie and place it on the ground. Officer Collins recognized the contents of the baggie as suspected cocaine base. MOORE was subsequently transported to the Baton Rouge Police Department 4th District Headquarters. The green GMC pickup truck was driven to the same location by Affiant.

5.  MOORE was advised of his Miranda rights at the scene of the traffic stop. Affiant, approximately half an hour later, interviewed MOORE and MOORE verbally consented to waive his Miranda rights and voluntarily made statements and admitted to selling crack cocaine and heroin for at least the past year. MOORE told Affiant that the above referenced cocaine base was for sale and that it was previously part of two ounces of cocaine base which he had stolen from another unidentified drug dealer. MOORE consented to a search of his telephone, vehicle and home. The search of the pickup truck resulted in the discovery of a digital scale containing a white residue. The search of MOORE's cellular telephone revealed several SMS messages Affiant believed were related to the sale of narcotics. MOORE indicated that these SMS messages were in fact for the purpose of arranging crack cocaine transactions. MOORE also stated that he normally possessed a firearm but had to "pawn" the gun to obtain cash. MOORE described the gun as Glock brand pistol.

6.    On February 29, 2016 the suspected crack cocaine and digital scale described above were tested by the Louisiana State Police Laboratory and found to contain cocaine base.

7.    Based on the above listed facts Affiant respectfully submits that probable cause exists to arrest JAMES MOORE JR for violating 21 U.SC. Section 841(a)(1)- possession with intent to distribute a substance containing a detectable quantity of crack cocaine, a Schedule II controlled substance.

_____
Joshuah L. Badasch
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on this 4th day of March, 2016, Baton Rouge, Louisiana

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE
MIDDLE DISTRICT OF LOUISIANA